.B. T. Hutchinson *vs.* Chicago, St. Paul, Minneapolis and Omaha
Railway Company.

December 13, 1887.

Contract—Execution, when Not Binding.—Evidence *held* insufficient to
justify a finding that a contract signed by a party was signed under such
circumstances that he was not bound by it.

Carriers—Restricting Liability by Contract.—Doctrine that a common
carrier may by contract restrict his liability applied.

Same—Contributory Negligence of Shipper.—*Held*, that if the evidence
in this case shows any negligence in the loss of property carried,—a horse
which jumped from the railroad car, and was killed,—it shows negligence
on the part of the owner, who put the horse in the car, and opened and
left open the window through which he jumped, as much as it shows
negligence on the part of the carrier.

The plaintiff brought this action in the district court for Blue Earth
county, to recover. $150, the value of a horse delivered by plaintiff to
defendant for transportation, and whose death, as alleged in the com-
plaint, was occasioned by the defendant's negligence.    The answer
denied any negligence, and set up as a further defence a contract made
with the plaintiff, by the terms of which the value of the horse was
agreed to be $100, and the plaintiff assumed all risk of injury or dam-
age that the horse might do to itself.    Upon the trial before *Sever-
ance*, J., and a jury, the defendant, against plaintiff's objection, in-
troduced in evidence the contract, which was in the following form,
viz. :

"Freight Office, C., St. P., M. & O. Railway Co.

"Mankato Station, Sept. 24, 1886.

"Received of B. T. Hutchinson one horse, to be delivered at St.
Paul station, at special rates, being ——— dollars per car for horses
or mules.

"In consideration of which and for other valuable considerations it
is hereby mutually agreed that said company shall not be liable for
loss by jumping from the cars, delay of trains not caused by negli-

gence as aforesaid, or any damage said property may sustain except. such as results from a collision of the train with other trains, or when the cars are thrown from the track in course of transportation, and that the rules and regulations printed above are an essential part of this contract.

"And it is expressly agreed upon the considerations aforesaid that if the shipper shall place in said car or cars any hay, straw, or other inflammable material and damage should result therefrom, said company shall not be liable therefor wherein said car or cars may be in the train.

"J. N. Holmes, agent.

"B. T. Hutchinson, owner."

Printed with this contract and immediately preceding it, were certain rules and regulations relating to the care and shipment of live stock, and also a provision that "in case of accident or injury to stock the value thereof shall not be fixed at over $100 per head unless a different value is fixed by special agreement and noted hereon." The plaintiff, having admitted that he signed the contract, was allowed, against defendant's objection, to testify that he did not know what it contained, that he signed it without looking at it, supposing it was a receipt, and did not read it till several days thereafter. Plaintiff had a verdict for the full amount claimed. Defendant appeals from an order refusing a new trial. In the memorandum accompanying this order, the court stated that it was of the opinion that it was error to admit the written contract at all, and that therefore the defendant. could not complain of any instructions relating to it.

*Jno. D. Howe* and *Lorin Cray,* for appellant.

*Collester & Foster,* for respondent; cited *Moulton* v. *St. P., M. & M. Ry. Co.,* 31 Minn. 85, (16 N. W. Rep. 497;) *Lindsley* v. *C. M. & St. P. Ry. Co.,* 36 Minn. 539, (33 N. W. Rep. 7;) *Kinnick* v. *Chicago, etc., Ry. Co.,* 69 Iowa, 665, (29 N. W. Rep. 772;) *Salisbury* v. *Hekla Fire Ins. Co.,* 32 Minn. 458, (21 N. W. Rep. 552;) *Aultman* v. *Olson,* 34 Minn. 450, (26 N. W. Rep. 451;) *Ortt* v. *Minn. & St. Louis Ry. Co.,* 36 Minn. 396, (31 N. W. Rep. 519.)

Gilfillan, C. J. We see no objection to the admissibility in evidence of the contract. It expressed the terms on which the defend-

ant received plaintiff's horse for transport to St. Paul. The omission of the rate to be charged is as to this point unimportant; for whether a rate was expressly agreed on, or the defendant was to receive whatever the service might be worth, or it was to do the carrying gratuitously, still it might by agreement restrict its liability, (except as to losses caused by its negligence,) and the delivery and acceptance of the animal for carriage was a sufficient mutual consideration to sustain the agreement as to the extent of the defendant's liability.

There was no evidence from which a jury could reasonably find that plaintiff signed the contract under such circumstances that he was not bound by it. After putting his horse in the car, he asked defendant's agent for a receipt, and the latter laid before him the contract in duplicate, saying they were duplicates, and asked him to sign them, which he did without reading them, as he says, but he states no reason for not reading them, and none is apparent. To allow a man to avoid a written contract signed by him, upon such evidence as this, would establish a rule to effectually do away with a great many contracts.

The contract agreed that the defendant should not be liable for loss "by jumping from the cars." Of course, this exception would not cover a case where the jumping from the cars was due to defendant's negligence; and, of course, even in that case, the plaintiff could not recover if his negligence contributed to the loss. The evidence leaves no question as to how the loss of the horse occurred. The plaintiff put him in the car, tied him by a halter and rope near a sliding window or door, opened the window, and left it open. When the car was set in motion the horse, probably frightened by the motion, broke his fastenings, jumped through the window, and was run over by the cars, and killed. There can be no question that it would not have happened but for the window being open. It may have been negligence to set the car in motion with the window open. But, if so, the same evidence that established defendant's negligence established as well that of plaintiff; for, if it was negligence to set the car in motion with the window open, it was equally negligence on the part of plaintiff just before, as he knew the car was to be moved, to open it and leave it open. The defendant had left it shut. The

plaintiff left it open, without, so far as appears, apprising defendant's servants that he had done so. Surely, if there was negligence connected with it being open, plaintiff was as much responsible for it as defendant.

Order reversed.